RECORD NO. 12-4508

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

EDUAR ORLANDO ARISTIZABAL,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA, AT ALEXANDRIA

THE HONORABLE LEONIE M. BRINKEMA PRESIDING

**OPENING BRIEF OF APPELLANT
EDUAR ORLANDO ARISTIZABAL**

Dennis E. Jones
DENNIS E. JONES & ASSOCIATES, P.C.
110 Abington Place
Abingdon, Virginia 24211
(276) 619-5005
dejones@bvunet.net

*Counsel for Appellant*

December 7, 2012

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

                                      Page

Table of Authorities ................................................................................ ii

Statement of Jurisdiction..........................................................................1

Nature of the Brief .................................................................................2

Statement of the Issues............................................................................2

Statement of the Case..............................................................................2

Statement of the Facts .............................................................................3

Standard of Review.................................................................................6

Argument ................................................................................................7

      1.    The existing record indicates that Aristizabal waived
            his right to appeal ............................................................... 7

      2.    Mr. Aristizabal's sentence does not appear legally Unreasonable ......... 9

      3.    Was appellant denied effective assistance of counsel?..........................10

Conclusion .............................................................................................12

Statement Regarding Oral Argument ....................................................13

Certificate of Compliance

Certificate of Services

i

# TABLE OF AUTHORITIES

## Cases

*Abney v. United States*, 431 U.S. 651 (1977) ..........................................................7

*Anders v. California,* 386 U.S. 738 (1967) ....................................................... 2, 12

*Rita v. United States,* 551 U.S. 338 (2007) .......................................................6, 10

*United States v. Aidoo*, 670 F.3d 600 (4th Cir. 2012, Cert. denied) ...................11, 12

*United States v. Attar*, 38 F.3d 727 (4th Cir. 1996) ....................................................7

*United Sates v. Bartran*, 407 F.3d 307 (4th Cir. 2005) ..............................................9

*United States v. Blick*, 408 F.3d 162 (4th Cir. 2005) .............................................6, 7

*United States v. Booker*, 543 U.S. 220 (2005) ...................................................... 6, 9

*United States v. Gall*, 552 U.S. 38 (2007) ..............................................................10

*United States v. General*, 278 F.3d 389 (4th Cir. 2001) ............................................7

*United States v. Green,* 436 F.3d 449 (4th Cir. 2006) ........................................6, 10

*United States v. Hoyle*, 33 F.3d 415 (4th Cir. 1994) ..................................................7

*United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005) .............................................6

*United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005) ............................................8

*United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2001) ........................................ 7

*United States v. Marin*, 961 F.2d 493 (4th Cir. 1992) ............................................. 7

*United States v. Montes*, 381 F.3d 631 (7th Cir. 2004) ......................................... 11

*United States v. Morris*, 429 F.3d 64 (4th Cir. 2005) ...............................................9

*United States v. Newsom*, 428 F.3d 685 (7th Cir. 2005).............................................. 10

*United States v. Richardson*, 195 F.3d 192 (4th Cir. 1999) ...................................... 12

*United States v. Smith*, 62 F.3d 641 (4th Cir. 1995) ............................................... 10

*United Sates v. Wessells*, 936 F.2d 165 (4th Cir. 1991) ......................................... 8

## Statutes

18 U.S.C. § 3231 ..............................................................................................1

18 U.S.C. § 3553(f) ..................................................................................... 4, 5, 11

18 U.S.C. § 3742(a) ..................................................................................... 1

21 U.S.C. § 841(a)(1) ..................................................................................... 3

28 U.S.C. § 1291 ..............................................................................................1

28 U.S.C. § 2255 .....................................................................................9, 11, 12

## Guidelines

U.S.S.G. § 2D1.1 ..................................................................................... 4, 5

U.S.S.G. § 5C1.2 .....................................................................................4, 5

No. 12-4508
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

EDUAR ORLANDO ARISTIZABAL,
*Defendant/Appellant.*
_____

On Appeal from the United States district court
For the Eastern District of Virginia
Alexandria Division (Hon. Leonie M. Brinkema)
_____

OPENING BRIEF OF THE APPELLANT
_____

STATEMENT OF JURISDICTION

The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. This appeal is from a final judgment of the district court entered on June 8, 2012. Contemporaneously with the entry of an Order extending the time to file an appeal, Mr. Aristizabal ("Aristizabal") filed a notice of appeal in the district court on June 28, 2012. This Court's jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. §3742(a).

1

## NATURE OF THE BRIEF

This brief is submitted to the Court pursuant to the holding of *Anders v. California,* 386 U.S. 738 (1967). [1] Counsel for the appellant has carefully reviewed the existing appeal record and has found that it presents no non-frivolous arguments to raise on appeal. Counsel has informed Aristizabal of counsel's view, and informed him that he has the right to supplement this brief with issues he wishes to raise. Aristizabal advised counsel that he wished to withdraw his appeal and pursue a claim for ineffective assistance of counsel. In accordance with those instructions counsel prepared and filed a Notice of Intent to Withdraw Appeal (Doc. 26) and forwarded to Aristizabal a Motion for Voluntary Dismissal of Appeal for his signature. Thereafter, Aristizabal advised counsel that "he would hold onto the Motion" effectively withdrawing his intention to withdraw this appeal.

## STATEMENT OF THE ISSUES

Was the appellant's waiver of appeal effective? Was appellant's sentence reasonable? Was appellant denied effective assistance of counsel?

## STATEMENT OF THE CASE

Eduar Orlando Aristizabal was charged in the Eastern District of Virginia with conspiracy to distribute five (5) kilograms or more of cocaine in violation of

---

[1] Pursuant to the Briefing Order entered August 30, 2012 (Doc. 21) Appendices are not filed in <u>Anders</u> appeals.

2

Title 21 U.S.C. § 841(a)(1). Following his plea of guilty to the conspiracy charged against him, the court sentenced Aristizabal to a term of imprisonment of 120 months.

Pursuant to an Order of the court extending the time for filing an appeal, Aristizabal filed a timely notice of appeal.

## STATEMENT OF FACTS

On January 11, 2012, Aristizabal was named in a one-count indictment returned in the Eastern District of Virginia, Alexandria Division. Aristizabal was charged with conspiracy and distribution of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1). On February 9, 2012, Aristizabal entered into a written plea agreement with the United States. On February 16, 2012 he entered a plea of guilty to count-one of the indictment in accord with the plea agreement before the Hon. Leonie M. Brinkema, United States District Judge.

The plea agreement signed by the parties contained agreements by the United States that Aristizabal was eligible to receive a three-level reduction under the United States Sentencing guidelines for accepting responsibility for his offense, stipulated the base offense level under the sentencing guidelines for the controlled substances offense to which he plead guilty (Base Offense Level 34), and be

3

eligible for application of the "Safety Valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2 if he met eligibility requirements and "not later than the time of the sentencing hearing, '"the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common plan,"' the defendant will be eligible for the "Safety Valve.""

The plea agreement contained the following provisions:

> **6. Waiver of Appeal, FOIA and Privacy Act Rights.**
> The defendant also understands that title 18 United States Code, Section 3742, affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in title 18, United States, Code, Section 3742, or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. . . ..

Following Aristizabal's plea of guilty he spoke with the government on May 22, 2012 for purposes of affording himself an opportunity to satisfy the requirements of 18 U.S.C. § 3553(f). The proffer session took place in a conference room at the United States Attorney's Office and lasted approximately two hours. Present were the defendant and his attorney, Jon M. Silveri, from New York, AUSA Sean P. Tonolli, and two federal agents, including the lead case agent from the Federal Bureau of Investigation. Mr. Silveri was notified by AUSA Tonolli on Mary 24, 2012 that Aristizabal was ineligible for the "Safety Valve"

4

application because he failed to truthfully provide all the information and evidence he had knowledge of.

United States Probation prepared a presentence investigation report ("PSR") was prepared and submitted to counsel on May 2, 2012. On May 30, 2012 a revised PSR, including addendum was prepared and submitted to counsel in anticipation of the June 8, 2012 sentencing. The body of the PSR makes no references to the application of the "Safety Valve" nor is Worksheet D ¶ 7 marked for consideration of the application of U.S.S.G. §5C1.2.

On June 1, 2012 counsel for Aristizabal filed a Sentencing Memorandum addressing among other matters the application of the "Safety Valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2 and advocating its application. On the same date the United Sates filed its position with respect to sentencing, opposing the application of the "Safety Valve" at sentencing.

Aristizabal was sentenced on June 8, 2012 without benefit of the "Safety Valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2 and sentenced to the minimum mandatory term of imprisonment of 120 months. In imposing sentence the court found that Aristizabal had not truthfully provided to the Government all information and evidence he had concerning the offense. No evidence was offered by Aristizabal that he truthfully provided all information known to him or had no relevant or useful other information or that the

Government was already aware of the information. Such evidence could have made a difference in the sentence.

On a finding of eligibility for application of the "Safety Valve" provisions Aristizabal, the guideline range would have been 87 to 108 months and permitted to court to sentence the defendant below the statutory mandatory 10 years.

## STANDARD OF REVIEW

Whether Aristizabal has effectively waived his statutory right to appeal is reviewed *de novo*. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

The length of Aristizabal's sentence is reviewed for reasonableness, following the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005). *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *see Rita v. United States*, 551 U.S. 338 (2007). As this Court has explained, reasonableness review

> Will not depend on whether we agree with the particular sentence selected, but whether the sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law.

*Green*, 436 F.3d at 457 (internal citation omitted). In other words, "[t]he determination of reasonableness depends not only on an evaluation of the actual sentence imposed but also on the method employed in determining it." *United States v. Hughes,* 401 F.3d 540, 556 n.14 (4th Cir. 2005).

6

To establish ineffective assistance of counsel, a defendant must show (1) that the attorney's performance fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced by the deficiency, because it created a reasonable probability that but for counsel's error, the result of the proceeding would have been different. *United States v. Hoyle,* 33 F.3d 415, 418 (4th Cir. 1994).

## ARGUMENT

1. <u>The existing record indicates that Aristizabal waived his right to appeal.</u>

The United States Constitution does not guarantee the right to an appeal. *Abney v. United States,* 431 U.S. 651, 656 (1977). A defendant may waive his statutory right to appeal his sentence if the waiver was knowingly and voluntarily made. *United States v. Blick,* 408 F.3d 162, 169 (4th Cir. 2005); *see also United States v. Marin,* 961 F.2d 493 (4th Cir. 1992); *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005).

Whether an appeal waiver is knowingly and intelligent depends upon the totality of the circumstances. *United States v. General,* 278 F.3d 389, 399-401 (4th Cir. 2001). The circumstances "includ[e] the background, experience, and conduct of the accused." *United States v. Attar,* 38 F.3d 727, 731 (4th Cir. 1996). If the district court complied with the requirements of Federal Rule of Criminal Procedure 11 regarding advising a defendant of the significance of waiving his

7

right of appeal, generally the waiver is valid and enforceable. *United States v. Johnson,* 410 F.3d 137, 151-153 (4th Cir. 2005); *United States v. Wessells,* 936 F.2d 165, 167-168 (4th Cir. 1991).

From the transcript of the plea hearing (pg. 17, ln. 19 – pg. 18, ln. 10) conducted February 16, 2012 Aristizabal's waiver of his right of appeal appears to have been made knowingly and voluntarily, and must be enforced if the government requests it.

During the Rule 11 proceeding the trial court held, Aristizabal was placed under oath. The district court specifically inquired as to his understanding of the plea agreement and addressed the substantive paragraphs of the plea agreement, including but not limited to the waiver of the right of appeal. Aristizabal acknowledged discussing the plea agreement with his counsel and being provided a copy of same for further study. He stated that he understood the possible sentence in his case, and understood that the district court could potentially legally impose any sentence within the statutory maximum, which was life imprisonment. Aristizabal stated that he had discussed matters contained in the plea agreement with his counsel and recognized that no promises had been made as to what sentence he would ultimately receive. The district court explained that the offense to which Aristizabal was pleading guilty contained a mandatory minimum subject to the applicability of the "safety valve" provisions controlling sentencing.

8

Following Aristizabal's guilty plea, the district court judge states as follows, as required by Rule 11:

> All right, based on all these questions to the Court's questions, I'm satisfied that the defendant has entered his guilty plea in a knowing and voluntary fashion, with the full advice of counsel, and that the written statement of facts as well as what's been orally admitted to in court today is more than enough evidence upon which to find the defendant guilty of the count in the indictment, so the defendant's plea is accepted, and he's found guilty of the conspiracy charge. (Plea hearing transcript pg. 28, ln. 22 – pg. 29, ln. 5)

No argument was made at any time, either at the time of the plea, or by written motion, or at the sentencing hearing, that the agreement was not valid or should be rescinded.

There is no evidence in the record from which this Court could conclude that Aristizabal did not make a knowing and voluntary waiver of appellate rights. Aristizabal reserves his right to collaterally attack the disposition of his case by filing a petition pursuant to 28 U.S.C. § 2255.

2.  <u>Mr. Aristizabal's sentence does not appear legally unreasonable.</u>

"The courts of appeals review sentencing decisions for unreasonableness." *United States v. Bartran,* 407 F.3d 307, 310 (4th Cir. 2005) (citing *United States v. Booker,* 543 U.S. 220 (2005)); *United States v. Morris,* 429 F.3d 65, 69 (4th Cir. 2005). On appeal in this Circuit, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" *United States v.*

9

*Green,* 436 F.3d 449, 457 (4th Cir. 2006) (citing *United States v. Newsom,* 428 F.3d 685, 687 (7th Cir. 2005) *see Rita v. United States,* 551 U.S. 338 (upholding standard of review). The reasonableness standard is an appellate standard only. *Rita,* 551 U.S. at 350. The sentencing judge must no assume that a sentence imposed within the sentencing guidelines is reasonable. Rather, he must make an individualized assessment based on the facts presented. *United States v. Gall,* 552 U.S. 38 (2007).

Here, the guidelines appear to have been properly calculated by the probation office, with the possible exception of the failure to address the application of the "Safety Valve" provisions. Regardless application of the "Safety Valve" provisions requires a factual finding by the sentencing court. Aristizabal's sentence of 120 months was the statutorily required mandatory minimum absent application of the "Safety Valve" provisions and within the sentencing guidelines. Aristizabal's sentence is thus presumptively reasonable in this Court.

3.  <u>Was appellant denied effective assistance of counsel?</u>

As this Court noted in *United States v. Smith,* 62 F.3d 641 (4th Cir. 1995), "[W]e have repeatedly admonished that a defendant may raise her claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it "conclusively appears" from the record that her counsel did not provide effective assistance. Otherwise, she must raise her claim in the district court by collateral

10

challenge pursuant to 28 U.S.C. § 2255, rather than in the appellate court by direct appeal." *Id.* At 650.

If evidence requiring application of the "Safety Valve" provisions were presented at sentencing, Aristizabal, could have demonstrated that he had no relevant or useful other information to provide or that the government was already aware of the information he possessed. Such evidence, if presented, could have resulted in a finding by the trial court that he had complied with 18 U.S.C. § 3553(f)(5). This Court has held that it is the defendant's burden to prove that he has satisfied this requirement. *United States v. Aidoo,* 670 F.3d 600 (4th Cir. 2012) (Cert. denied 2012 U.S. Lexis 8879 [Nov. 13, 2012]). A defendant's "bare assertion that he was truthful," however, is insufficient to "satisfy his burden to prove by a preponderance of the evidence that he provided a full and honest disclosure." *Id.* At 607, (citing *United States v. Montes,* 381 F.3d 631, 637 (7th Cir. 2004).

Aristizabal has suggested to appellant counsel that trial counsel, Mr. Silveri rendered ineffective assistance of counsel during the proffer session of May 22, 2012 and the sentencing hearing by his failure to produce evidence showing compliance with 18 U.S.C. § 3553(f)(5). However, "a claim of ineffective assistance of counsel should be raised by a habeas corpus motion in the district court under 28 U.S.C. § 2255, and not on direct appeal, **unless it conclusively**

11

**appears from the record**, that defense counsel did not provide effective representation." *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). After being advised by the United States of its intention to object to the application of the "Safety Valve" provisions Mr. Silveri prepared and caused a sentencing memorandum to be filed with the district court. Included in the memorandum were numerous exhibits, including but not limited to a statement by Aristizabal, accepted by the court prior to sentencing. Some effort was made by Mr. Silveri as contemplated by *Aidoo, supra,* to present evidence regarding the entitlement of Aristizabal, to the "Safety Valve" provisions when sentenced. In the opinion of appellant counsel it does not conclusively appear from the record that Mr. Silveri provided ineffective representation to Aristizabal.

## CONCLUSION

Counsel knows of no issue that could provide Aristizabal relief in this court in the present appeal. Under the directive of the *Anders* case, undersigned counsel asks the Court to review *de novo* the entire record and all pertinent documents in this case to determine whether there is any issue that is not frivolous. Undersigned counsel stands ready to brief and argue any issue so identified by the Court.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel does not request oral argument.

Respectfully submitted this 7th day of December, 2012.

13

*/s/Dennis E. Jones*
Dennis E. Jones, Esq.
VA State Bar#:  14007
Dennis E. Jones & Associates, P.C.
110 Abingdon Pl
Abingdon, VA  24211
(276) 619-5005
FAX: (276) 619-5007
E-Mail: dejones@bvunet.net
Counsel for Defendant-Appellant
       Eduar Orlando Aristizabal

## CERTIFICATE OF COMPLIANCE

1. This brief of the appellant has been prepared using Word 2010 software, Times New Roman font, 14 point proportional type size.

2. EXCLUSIVE of the table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains 13 pages.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

*December 7, 2012*                                   */s/ Dennis E. Jones*
Date                                                 Dennis E. Jones

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Brief of Appellant was electronically filed on the 7th day of December, 2012 and thus served upon the attorneys for the United States, Assistant United States Attorney's Sean Tonolli and Elizabeth Eriksen, United States Attorney's Office, 2100 Jamieson Ave., Alexandria, VA 22314, Counsel for the Appellee.

                                                     */s/Dennis E. Jones*
                                                     Counsel for Appellant,
                                                     Eduar Orlando Aristizabal